[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13629
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00034-HLM-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELICIANO PEREZ-GARDINAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 5, 2017)

Before MARCUS, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Feliciano Perez-Gardinas appeals his 30-month sentence imposed after he pleaded guilty to re-entry following deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  Perez-Gardinas argues that his sentence was substantively unreasonable based on the factors in 18 U.S.C. § 3553, and that he should have received a 24-month sentence instead.  After careful review, we affirm.

I.

Perez-Gardinas is a citizen of Guatemala.  He first came to the United States over sixteen years ago when he was a teenager.  During his youth, Guatemala was in a dangerous state of civil war.  The war ended in 1996, but it left his family no opportunities besides subsistence farming.  Perez-Gardinas says he then came to the United States to work as a laborer and send money to his family back in Guatemala.

Perez-Gardinas says he has an alcohol problem that led to his arrest in 2007.  He pleaded guilty to aggravated assault at that time after a domestic dispute with his girlfriend.  As a result, he served a 120-day sentence and was then deported to Guatemala on April 29, 2009.

Perez-Gardinas tells us when he returned to Guatemala, he was a target for robbery and violence because others thought he had brought back money from the United States.  He also says his family desperately needed money because they were living in poverty, and because his wife and children developed tuberculosis

2

and could not afford the medication.  Perez-Gardinas returned to the United States, crossing the Texas border illegally in 2013.

Another alcohol-fueled event led to his arrest in 2014.  Perez-Gardinas committed simple battery after pouring a beer on his girlfriend.  When police tried to arrest him, he attempted to flee.  He was caught after a short foot chase, and then gave the officers and booking agent a false name.  Perez-Gardinas was charged with three counts: (1) simple battery; (2) obstruction of an officer; and (3) giving a false name to a law enforcement officer.  He received a 12-month sentence for these charges after pleading guilty.

The 2014 arrest also led to the federal charge in this case for re-entry following deportation.  Perez-Gardinas pleaded guilty.  His presentence investigation report ("PSR") calculated a total offense level of 21.  Based on his earlier convictions,[1] the PSR placed him in Criminal History Category IV.  The resulting guideline range for Perez-Gardinas was 57 to 71 months.

At sentencing, Perez-Gardinas sought a variance under the § 3553(a) factors, a reduction in his criminal history category to III, and a reduction in his total offense level.  He argued that given the circumstances—several old misdemeanors; a war-torn country; a family in need; accepting responsibility; and a 16-point increase for pouring a beer on someone—a 24-month sentence would be more

---

[1] Aside from the convictions detailed here, Perez-Gardinas was also convicted in 2015 of giving false information to law enforcement.

appropriate.  The government acknowledged many of these circumstances, and said that a four-level reduction resulting in a 37-month sentence would be appropriate.

Based on these arguments, the district court reduced Perez-Gardinas's criminal history category to III and reduced his offense level by four points, resulting in a new guidelines range of 30 to 37 months.  After considering the § 3553 factors and hearing from Perez-Gardinas, the district court sentenced him to 30-months imprisonment.

## II.

On appeal, Perez-Gardinas argues the district court imposed a substantively unreasonable sentence because it did not properly consider the § 3553 factors.  He says the district court did not consider the circumstances in Guatemala that led him to re-enter; the time he served before facing the federal charge; his minor criminal history; or his family back in Guatemala.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  We examine whether a sentence was substantively unreasonable by taking into account the totality of the circumstances.  Id. at 51, 128 S. Ct. at 597.  Perez-Gardinas bears the burden of showing his sentence is unreasonable in light of the

record and the § 3553(a) factors.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

After considering the totality of the circumstances, we conclude that Perez-Gardinas's sentence was substantively reasonable.  The district court considered the factors in § 3553(a) at sentencing.  Perez-Gardinas received a significant downward variance in his guidelines range, after adjustments to both his criminal history category and his total offense level.  The district court also sentenced Perez-Gardinas at the very bottom of this reduced range.  It was the court's consideration of the § 3553(a) factors, including the circumstances that Perez-Gardinas points out now, that led to this variance.  Therefore, the district court did not abuse its discretion or commit a clear error of judgment in balancing the § 3553(a) factors.  See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).  As a result, we affirm Perez-Gardinas's sentence as substantively reasonable.

**AFFIRMED.**